IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2024 Session

## RODZELL LAMONT MASON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-A-560      Steve R. Dozier, Judge**

_____

**No. M2024-00287-CCA-R3-PC**

_____

The Petitioner, Rodzell Lamont Mason, appeals the summary dismissal as time-barred of his petition for post-conviction relief from his guilty-pleaded conviction of second degree murder, arguing that the post-conviction court erred in finding that *State v. Booker*, 656 S.W.3d 49 (2022), did not establish a new constitutional right applicable to his case that would allow his claim, filed more than thirteen years after his judgment became final, to be considered. Based on our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Dawn Deaner, Choosing Justice Initiative, Nashville, Tennessee (at hearing and on appeal), and Angela L. Bergman, Nashville, Tennessee (on appeal), for the appellant, Rodzell L. Mason.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; and Glenn. R. Funk, District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTS

In February 2008, the Davidson County Grand Jury indicted the Petitioner for first degree felony murder and attempted especially aggravated robbery based on his October 8, 2007 actions in shooting to death Classie C. Wilson during an attempted robbery. The Petitioner was fourteen years old at the time of the crimes. On April 30, 2009, when he

was fifteen, the Petitioner pled guilty to second degree murder in exchange for an out-of-range sentence of thirty-five years to serve with the possibility of earning up to 15% good time credit. Pursuant to the terms of his negotiated plea, the attempted especially aggravated robbery count of the indictment was dismissed.

In 2010, the Petitioner filed a petition for post-conviction relief, which he subsequently voluntarily withdrew. In 2013, the Petitioner filed a pro se motion to reopen the 2010 post-conviction petition. Following the post-conviction court's summary denial of the motion, the Petitioner filed a notice of appeal in the post-conviction court. This court treated the Petitioner's notice of appeal to the post-conviction court as an application for permission to appeal to this court. *See Order*, *Mason v. State*, M2013-02163-CCA-R3-PC (Tenn. Crim. App. Oct. 3, 2013). However, we concluded that it was untimely and dismissed the appeal. *Id.*

On November 17, 2023, the Petitioner, with the assistance of counsel, filed the petition for post-conviction relief at issue in this appeal. The Petitioner acknowledged that the petition was filed well outside the one-year statute of limitations but argued that he met the criteria for a late-filed petition to be considered under Tennessee Code Annotated section 40-30-102(b)(1) because our supreme court in *Booker* "recognized a new retroactive constitutional right of juveniles in Tennessee subjected to significant criminal punishment to a proportionate sentence that considers the circumstances of their youth." He further argued that because he "did not know at the time he entered his plea that he had a constitutional right as [a] juvenile homicide offender to a proportionate sentence that considered mitigating factors of his youth," and "because his guilty plea was solely the product of Tennessee's unconstitutional and coercive life sentence scheme," his guilty plea was not knowingly or voluntarily entered, violated due process, and should be set aside under Tennessee Code Annotated section 40-30-103.

On January 24, 2024, the post-conviction court entered an order summarily dismissing the petition on the basis that it was filed outside the one-year statute of limitations. The post-conviction court concluded that *Booker* was not applicable because the Petitioner did not receive an automatic life sentence, and *Booker* "did not address the constitutionality of an ancillary plea agreement constructed to avoid a possible mandatory life sentence." The post-conviction court disagreed with the Petitioner's argument that "the penological objectives contemplated in *Booker* should be applicable to 'other lengthy sentences imposed on youth.'"

## ANALYSIS

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate

court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id.*

Subsection (b) of the statute sets out three narrow exceptions under which an untimely petition may be considered, including the one that the Petitioner argues is applicable in his case:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

*Id.* at § 40-30-102 (b)(1).

The Petitioner contends that the new constitutional right recognized in *Booker* for a juvenile offender to have the mitigating factor of his youth considered in sentencing "applies to him even though he did not receive an automatic life sentence, because the Court's holding relied upon broad principles of sentencing proportionality applicable to juveniles facing the possible imposition of the state's harshest punishments." He asserts that the only reason he pled guilty in exchange for a sentence that is ten years longer than the sentence he might have received if he had been convicted at trial of first degree felony murder was to avoid a possible automatic life sentence, which has now been ruled unconstitutional for juvenile offenders. The State responds by arguing that *Booker* does not apply to the Petitioner because the Petitioner was not convicted of first degree murder and subject to a life sentence.

We agree with the State. The defendant in *Booker*, who was only sixteen at the time of the crimes, was convicted of first degree felony murder and especially aggravated robbery. *Booker*, 656 S.W.3d at 52. Pursuant to statute, the trial court imposed an automatic life sentence for the first degree murder conviction. *Id.* The only issue the *Booker* Court addressed was the constitutionality of Tennessee's mandatory life sentence imposed on a juvenile homicide offender, holding that "an automatic life sentence when imposed on a juvenile homicide offender with no consideration of the juvenile's age or other circumstances violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution." *Id.* Rather than granting Mr. Booker a new sentencing hearing, the *Booker* Court granted him "an individualized parole hearing where his age and other circumstances" could be properly considered, with the timing of the hearing based on his parole eligibility in the unrepealed version of Tennessee Code Annotated section 40-35-501(h)(1), addressing release eligibility status for a defendant receiving a sentence of life imprisonment, that was previously in effect. *Id.* at 53. The *Booker* Court made it clear that its ruling was "limited," *id.*, and that it applied "only to juveniles, not adults, convicted of first-degree murder." *Id.* at 68.

The Petitioner's conviction was for second degree murder, not first degree murder. Moreover, it was the result of a negotiated plea agreement in which the Petitioner agreed to plead guilty to second degree murder with an out-of-range sentence of thirty-five years in exchange for the dismissal of the attempted especially aggravated robbery count of the indictment. As such, *Booker* is inapplicable to the Petitioner, and his petition is barred by the statute of limitations. We, therefore, affirm the summary dismissal of the petition.

## CONCLUSION

Based on our review, we affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief as time-barred.

_____
JOHN W. CAMPBELL, SR., JUDGE

- 4 -